# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Neal Todd Shown,<br><br>    Plaintiff,<br><br>v.<br><br>Lincoln Heritage Life Insurance Company,<br><br>    Defendant. | Case No. 13-CIV-323-RAW |

## ORDER

Before the court is the Notice of Removal filed on July 19, 2013 [Docket No. 3]. This case was originally filed in the District Court in and for Pittsburg County, State of Oklahoma on June 17, 2013. On July 22, 2013, the court directed the parties to show cause as to why the case should not be remanded to the state district court for lack of jurisdiction [Docket No. 6]. The parties have responded [Docket Nos. 7 and 8].

The Petition states that Plaintiff demands judgment against Defendant "for a sum in excess of $10,000..." The Notice of Removal indicates the parties have diverse citizenship, but is completely silent as to the amount in controversy. In its response to the order to show cause, Defendant states:

> "Admittedly, it is hard to discern from the Plaintiff's Petition whether he is claiming damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 or if he is claiming damages less than that amount. The Petition does not specify the amount of damages to be recovered nor does it reference the jurisdictional limit outlined in Section 1332."

[Docket No. 7, page 2.] Further, in its response to the order to show cause, Defendant

provides a copy of a letter dated June 15, 2011 from Plaintiff's counsel to Defendant demanding the sum of $200,000. [Docket No. 7, Exhibit B, page 2].

It is well-established that "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corporation*, 50 F.3d 871, 873 (10th Cir. 1995). The statutory minimum for diversity jurisdiction is $75,000.00. 28 U.S.C. § 1332(a). Further, subject matter jurisdiction cannot be conferred or waived:

> The general rule is that the parties cannot confer on a federal court jurisdiction that has not been vested in that court by the Constitution and Congress. This means that the parties cannot waive lack of jurisdiction by express consent, or by conduct, or even by estoppel; the subject matter jurisdiction of the federal court is too basic a concern to the judicial system to be left to the whims and tactical concerns of the litigants.

*Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 371 -372 (C.A.7 (Ill.),1993).

A defendant must allege facts in its removal notice and conclusory statements are not sufficient to establish jurisdiction. In *Maxon v. Texaco Ref. and Mktg., Inc.*, 905 F.Supp. 976, 978 (N.D. Okla. 1995), the court stated: "Texaco offers only a conclusory statement of Plaintiff's damages allegations and does not allege any underlying facts with respect to Plaintiff's claims for damages."Additionally, the burden "is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds" the statutory requirement. *See Laughlin,* at 873. Similar to this case, the defendant in *Laughlin* submitted facts after the filing of the notice of removal to establish the amount in controversy. Those facts were not submitted to the *Laughlin* court at the time of the notice of removal. *See*

*Laughlin*, at 873.

In the instant case, neither the petition nor the notice of removal allege sufficient facts to establish any amount in controversy. The notice of removal also fails to provide any underlying facts supporting the assertion that the amount in controversy is met.

Defendant's Notice of Removal does not include facts sufficient to establish the requisite amount in controversy by a preponderance of the evidence. Subject matter jurisdiction "is not a matter of equity or of conscience or of efficiency, but is a matter of the lack of judicial power to decide a controversy." *Laughlin*, at 874, quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 371 (7th Cir. 1993) (Shadur, J., dissenting).

Pursuant to 28 U.S.C. §1446(c)(4) and 28 U.S.C. § 1447(c), this action is summarily remanded to the District Court in and for Pittsburg County, State of Oklahoma.

Dated this 12th day of August, 2013.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA